ELLIS, Judge.
This appeal is from a judgment which grants a preliminary injunction preventing defendant from destroying or interfering with the use of a driveway across defendant’s land leading to plaintiff’s property.
The suit was originally filed by J & B Enterprises, Inc. against Sanders R. Caze-dessus, alleging that plaintiff’s property was enclosed by that of defendant, and asking for a servitude of passage across defendant’s property to a public road.
According to the allegations of the petition for the injunction, negotiations leading to compromise resulted in oral permission being granted for plaintiff to construct a driveway to his property and for utility lines to be run along the driveway. Subsequently, the compromise negotiations broke down, and shortly thereafter, defendant notified the utility companies to remove their lines from his property. It is alleged that one of the principals of the plaintiff corporation resides in a house on the enclosed property which is served by the utility lines, and that plaintiff will suffer immediate and irreparable damage if the utility lines or the driveway are destroyed by defendant.
Defendant’s answer denies the existence of any oral permission to construct the driveway, but admits that he had “suffered the trespass to continue”. He denies that plaintiff will suffer any irreparable injury or that he threatened to destroy either the driveway or the utility lines.
At the hearing of the matter, no evidence was received or testimony heard by the trial court. Judgment was rendered granting the preliminary injunction after the court heard argument of counsel.
Article 3609 of the Code of Civil Procedure provides that an application for preliminary injunction may be heard on *248 pleadings and affidavits, or the court may take proof as in ordinary matters. If the hearing is to be on affidavits, the court must so order in writing. There are no affidavits in the record and no writtten order for trial in that manner. Defendant has denied the essential allegations of plaintiff’s motion, and no proof or testimony of any kind has been offered in support thereof. The preliminary injunction was, therefore, erroneously granted, since there was no evidence before the court to justify its issuance.
The judgment appealed from is reversed, and the case remanded to the trial court for trial on the merits of the application for preliminary injunction. All costs of this appeal are to be paid by plaintiff.
Reversed and remanded.